THOMAS C. HIGGINS, PLAINTIFF-APPELLANT, v. JAMES DEL MONTE, GEORGE DEL MONTE, DEFENDANTS, AND PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted May 28, 1937—Decided September 22, 1937.

For the plaintiff-appellant, *David Cohn.*

For the defendant-respondent, *Henry H. Fryling* and *William F. Vosseller.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This appeal brings up for review a judgment of nonsuit in favor of the respondent Public Service Co-ordinated Transport Company.

The complaint is founded on the theory that the plaintiff-appellant was a passenger on a trolley car of the defendant-respondent; that he gave notice of his desire to alight at a certain point; that the car passed the designated point and stopped some distance beyond; that appellant requested the motorman to hold the car so that he might pass in front and have the benefit of the lights of the car; this was done; appellant passed in front of the car, walked some distance along the left side, when the car started on, and he then walked diagonally across the highway and when a short dis-

tance from the curb he was struck by an automobile coming from his right and for the injuries sustained he brought the action in question.

There is but one ground of appeal and that is that it was error to nonsuit and that the matter of negligence should have been submitted to the jury.

There was no error in this action of the trial court.

The appellant relies principally upon *Malzer* v. *Koll Transportation Co.*, 108 *N. J. L.* 296, and *Trimboli* v. *Public Service Co-ordinated Transport Co.*, 111 *Id.* 481.

These cases are, however, not applicable to the situation shown by the proofs in this case.

*Kelson* v. *Public Service Railroad Co.*, 94 *N. J. L.* 527, in this court, approving and adopting the principle enunciated by the Supreme Court in *Robertson* v. *West Jersey and Seashore Railroad Co.*, 79 *Id.* 186, is applicable.

That principle and rule is, "the duty of a carrier to exercise due care for the safety of a passenger continues only while the relation of passenger and carrier exists. When a passenger on a street car has safely alighted therefrom upon a public highway, provided the place is a reasonably safe and proper one for that purpose, this relation ceases, and with it the duty."

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 16.

*For reversal*—None.